FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JUN 9 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| RODNEY DENSON, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:09-CV-1351-TWT |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER BRASHER, | : | PRISONER CIVIL RIGHTS |
| Defendant. | : | 42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, Rodney Denson, presently confined at the Hancock State Prison in Sparta, Georgia, has submitted this pro se civil rights complaint. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. The Standard of Review

A federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless,"

or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

2

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Following a guilty plea, the Fulton County Superior Court convicted Plaintiff in 2005 of "aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and cruelty to children in the first degree . . . ." Denson v. Frazier, 672 S.E.2d 625, 626 (Ga. 2009). Plaintiff further pled "nolo contendere to a charge of aggravated assault with a deadly weapon against his step-daughter." Id.

The state court sentenced Plaintiff to twenty-two years in prison followed by thirteen years on probation. Id. Subsequently, the Hancock County Superior Court denied Plaintiff's state habeas corpus petition in which he sought to challenge the 2005 convictions. Id. The Georgia Supreme Court reversed, however, holding that no extrinsic evidence existed to show that Plaintiff had "knowingly, intelligently, and voluntarily waived his right against self-incrimination." Id. at 627.

In this civil rights complaint, Plaintiff sues Fulton County Superior Court Judge Christopher Brasher. [Doc. 1]. Plaintiff complains about various rulings issued by Judge Brasher in his state criminal proceeding following the Georgia Supreme Court's decision in Denson. [Id. at 6-9]. Specifically, Plaintiff contends that Judge Brasher has "failed to put [Plaintiff] back in the position he was in prior to trial." [Id. at 6]. Plaintiff contends that his constitutional rights have been violated by Judge Brasher's decisions to deny Plaintiff bond and to order Plaintiff's return to the custody of the Georgia Department of Corrections even though he is not subject to a state court judgment of conviction. [Id. at 7-8]. Plaintiff seeks monetary relief as well as the dismissal of all state charges pending against him in Fulton County. [Id. at 4-5, 10-11].

AO 72A
(Rev.8/82)

The doctrine of judicial immunity protects state court judges from judgments for monetary damages in civil rights actions brought against them. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Emory v. Peeler, 756 F.2d 1547, 1552-53 (11th Cir. 1985). "Judges are entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations and citations omitted). In other words, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Emory, 756 F.2d at 1553.

A review of Plaintiff's allegations fail to indicate that Judge Brasher issued rulings or took action in Plaintiff's state criminal proceeding in any manner other than in his judicial capacity as the presiding trial judge. Furthermore, Plaintiff alleges nothing to suggest that Judge Brasher acted in the clear absence of subject matter jurisdiction with regard to his rulings and actions taken as the trial judge. See Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986) (recognizing that the test for acting in the "clear absence of all jurisdiction" is only met when "a judge completely lacks

subject matter jurisdiction"). Accordingly, Judge Brasher is entitled to judicial immunity with regard to Plaintiff's request for monetary relief.

To the extent that Plaintiff seeks dismissal of all charges against him and release from prison, his claims challenging his current confinement are only cognizable by way of a federal habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). However, Plaintiff must exhaust his state remedies before he may obtain federal habeas corpus relief. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-93 (1973); Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973).[1] See also O.C.G.A. § 9-14-1(a) (providing that pretrial detainees in Georgia may file a petition for habeas corpus).

### III. Conclusion

Because Plaintiff has failed to state a claim upon which relief can be granted, the instant action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED** for the purpose of dismissal only.

---

[1] Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

6

**IT IS SO ORDERED**, this 9 day of June, 2009.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)